JOHN L. BURRIS ESQ., SBN 69888
DEWITT M. LACY, ESQ., SBN 258789
K. CHIKE ODIWE, ESQ., SBN 315109
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
john.burris@johnburrislaw.com
dewitt.lacy@johnburrislaw.com
chike.odiwe@johnburrislaw.com

Attorneys for Plaintiff
CHARMANE HENDERSON

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARMANE HENDERSON, individually and as successor-in-interest to Decedent DEAUTRY CHARLES ROSS,<br><br>                              Plaintiffs,<br><br>       vs.<br><br>CITY OF TORRANCE, a municipal corporation; BRIAN MCGEE, individually and in his official capacity as a police officer for the Torrance Police Department; and DOES 1-10, inclusive, individually and in their official capacity as police officers for the City of Torrance,<br><br>                              Defendants. | CASE NO.: 2:18-cv-3918<br><br><br>COMPLAINT FOR DAMAGES<br>(42 U.S.C. Section 1983 and pendent tort claims)<br><br>JURY TRIAL DEMANDED |

**INTRODUCTION**

1.      This case arises out of the wrongful death of Deautry Charles Ross.  On January 1, 2018, Mr. Ross died while in the custody of the Torrance Police Department after he was needlessly shot with a stun gun by officer Brian McGee and refused timely medical attention after he repeatedly complained that he could not breathe.

2.      This civil rights and wrongful death action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the wrongful death of Deautry Charles Ross.

**JURISDICTION AND VENUE**

3.      This action arises under Title 42 of the United States Code, § 1983. Title 28 of the United States Code, §§ 1331 and 1343 confers jurisdiction upon this Court.  The unlawful acts and practices alleged herein occurred in the City of Torrance, County of Los Angeles, California, which is within the judicial district of this Court.

4.      The Supplemental Jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1367 over the State law claims which are so related to federal claims in the action that they form part of the same case or controversy under Article III of the Constitution of the United States of America.

5.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants are believed to reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

**PARTIES**

6.      Decedent DEAUTRY CHARLES ROSS (hereinafter "Decedent") was an individual residing in the State of California.  Decedent died intestate. Decedent did not file any legal actions prior to his death. To the extent that this action seeks to recover damages for the violation of rights personal to Decedent, this action is maintained by his Successor-in-Interest Charmane Henderson. Said Plaintiff is the person with standing to bring this action as Decedent was unmarried at the time of his death.

7.     Plaintiff CHARMANE HENDERSON (hereinafter "Plaintiff"), is and was at all times herein mentioned the biological mother of Decedent. Plaintiff sues in her individual capacity and as Successor-in-Interest to Decedent.

8.     Defendant CITY OF TORRANCE (hereinafter "City") is an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant City has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the Torrance Police Department and its tactics, methods, practices, customs and usage. At all relevant times, Defendant City was the employer of DOES Defendants, individually and as a peace officers.

9.     Defendant BRIAN MCGEE (hereinafter "Defendant McGee"), was an officer for the Torrance Police Department, and is sued individually and in his official capacity.

10.     Plaintiff is ignorant of the true names and capacities of Defendants DOES 1 through 5, inclusive, and therefore sues these defendants by such fictitious names.  Plaintiff alleges Defendants DOES 1 through 5 violated Decedent's civil rights, wrongfully caused his death, and/or encouraged, directed, enabled and/or ordered other defendants to engage in such conduct.  Plaintiff further alleges that the DOE Defendants violated Plaintiff's Fourteenth Amendment rights to familial association and companionship and caused the wrongful death of Decedent. Plaintiff will amend this Complaint to state the names and capacities of DOES 1 through 5, inclusive, when they have been ascertained.

11.     Plaintiff is ignorant of the true names and capacities of Defendants DOES 6 through 10, inclusive, and therefore sues these defendants by such fictitious names.  Plaintiff is informed and believes and thereon alleges that each Defendant so named was employed by Defendant City at the time of the conduct alleged herein.  Plaintiff alleges that each of Defendants DOES 6-10 were responsible for the training, supervision and/or conduct of the police officers and/or agents involved in the conduct alleged herein.  Plaintiff alleges that each of Defendants DOES 6 through 10 was also responsible for and caused the acts and injuries alleged herein.  Plaintiff will amend this Complaint to state the names and capacities of DOES 6 through 10, inclusive, when they have been ascertained.

**ADMINISTRATIVE PREREQUISITES**

12.     Plaintiff is required to comply with an administrative tort claim requirement under California law.  Plaintiff filed a claim against the City of Torrance on February 26, 2018. Plaintiff has exhausted all administrative remedies pursuant to California Government Code Section 910.

**PRELIMINARY ALLEGATIONS**

13.     The City of Torrance is a public entity and is  being sued under Title 42 U.S.C. § 1983 for violations of the United States Constitution, California state law, the California Tort Claims Act, and the Government Code for the acts and omissions of Defendants DOES 1-5, and each of them, who at the time they caused Plaintiff's and Decedent's injuries, damages and death were duly appointed, qualified and acting officers, employees, and/or agents of City and acting within the course and scope of their employment and/or agency.

14.     Plaintiff alleges that the conduct of each defendant deprived Decedent of his constitutional right to life and caused Decedent to suffer grievous harm prior to his death.

15.     Each of the Defendants caused and is responsible for the unlawful conduct and resulting harm by, inter alia, personally participating in the conduct, or acting jointly and in concert with others who did so, by authorizing, acquiescing, condoning, acting, omitting or failing to take action to prevent the unlawful conduct, by promulgating or failing to promulgate policies and procedures pursuant to which the unlawful conduct occurred, by failing and refusing to initiate and maintain proper and adequate policies, procedures and protocols, and by ratifying and condoning the unlawful conduct performed by agents and officers under their direction and control.

16.     Whenever and wherever reference is made in this Complaint to any act by Defendants DOES 1-10, such allegations and references shall also be deemed to mean the acts and failures to act of each DOE Defendants individually, jointly or severally.

**MONELL ALLEGATIONS**

17.     Based upon the principles set forth in *Monell v. New York City Department of Social Services,* 436 U.S. 658 (1978), City is liable for all injuries sustained by Plaintiff as set forth herein. City bears liability because its policies, practices and/or customs were a cause of Decedent's death and

Plaintiff's injuries. City and its officials maintained or permitted one or more of the following official policies or customs:

a)  Failure to provide adequate training and supervision to police officers with respect to constitutional limits on the use of deadly force;

b)  Failure to provide adequate training and supervision to police officers with respect to constitutional limits on use of force, arrest, search, and detention;

c)  Failure to adequately discipline or retrain officers involved in misconduct;

d)  Selection, retention, and assignation of officers with demonstrable propensities for excessive force, violence, dishonesty, and other misconduct;

e)  Encouragement of officers in the belief that they can violate the rights of persons, such as Plaintiff, with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits.;

f)  Ratification by the highest levels of authority of the specific unconstitutional acts alleged in this complaint and, in particular, the ratification of the unjustified shooting of Decedent.

## GENERAL ALLEGATIONS

18.    On January 1, 2018, at or about 2:30 p.m., Decedent was standing outside the Crate and Barrel store in the Del Amo Fashion Center located at 21710 Hawthorne Boulevard in Torrance, California. Suddenly, Decedent was confronted by multiple officers from the Torrance Police Department, including Defendant McGee. Decedent questioned the nature of the encounter. Decedent then began to move away from the officers.  As Decedent moved away, the officers violently tackled him to the ground. Without just cause or provocation, Defendant McGee then needlessly shot Decedent with his stun gun. Decedent immediately began to complain that he could not breathe. Without regard, the officers on the scene then proceeded to bind Decedent's arms and legs as he continued to complain that he could not breathe. Decedent then slowly and painfully began to die while in Defendants custody as they ignored his final pleas for help.

19.     Decedent's death was proximately caused by the injuries he suffered at the hands of the Defendants.

20.     Plaintiff alleges that a reasonable officer in Defendants' position would have clearly been on notice that Decedent did not pose a threat of harm to anyone at the time that he was needlessly shot with a stun gun.

21.     The actions and omissions of City and the DOE Defendant Torrance Police Department Officers were objectively unreasonable under the circumstances, without legal justification or other legal right, done under color of law, within the course and scope of their employment as law enforcement officers and/or public officials, and pursuant to unconstitutional customs, policies and procedures of City and/or other jurisdictions.

22.     Plaintiff is informed and believes and thereon alleges that City and DOES 6-10, inclusive, breached their duty of care to the public in that they have failed to discipline DOES 1-5. Their failure to discipline DOES 1-5 inclusive, demonstrates the existence of an entrenched culture, policy or practice of promoting, tolerating and/or ratifying with deliberate indifference the making of improper detentions and arrests, the use of excessive and/or deadly force and the fabrication of official reports to cover up DOES 1-5's inclusive, misconduct.

23.     Plaintiff is informed and believes and thereon alleges that members of the Torrance Police Department, including, but not limited to DOES 1-5 and/or each of them, have individually and/or while acting in concert with one another, engaged in a repeated pattern and practice of using excessive, arbitrary and/or unreasonable force against individuals, including, but not limited to Decedent.

24.     Plaintiff is informed, believes and therein alleges that City knew or had reason to know by way of actual or constructive notice of the aforementioned policy, culture, pattern and/or practice and the complained of conduct and resultant injuries/violations.

25.     At all material times, and alternatively, the actions and omissions of each Defendant were conscience-shocking, reckless, deliberately indifferent to Decedent's and Plaintiff's rights, negligent, and objectively unreasonable.

## DAMAGES

26.     As a consequence of Defendants' violation of Plaintiff's federal civil rights under 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments, Plaintiff was mentally, and emotionally injured and damaged as a proximate result of Decedent's wrongful death, including but not limited to: Plaintiff's loss of familial relations, Decedent's society, comfort, protection, companionship, love, affection, solace, and moral support and financial support.

27.     Plaintiff seeks both survival and wrongful death damages, pursuant to C.C.P. Sections 377.60 and 377.61 and Probate Code Section 6402(b), for the violation of both Decedent's and her rights.  Additionally, Plaintiff is entitled to the reasonable value of funeral and burial expenses pursuant to C.C.P. §§ 377.60 and 377.61 and loss of financial support.

28.     Plaintiff is further entitled to recover damages incurred by Decedent before he died as a result of being deprived without due process of his right to life, and to any penalties or punitive damages to which Decedent would have been entitled to recover had he lived, including damages incurred by Decedent consisting of pain and suffering he endured as a result of the violation of his civil rights.

29.     Plaintiff found it necessary to engage the services of private counsel to vindicate the rights of Decedent and Plaintiff's rights under the law.  Plaintiff is therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that he is the prevailing party in this action under 42 U.S.C. § 1983 and 1988.

## FIRST CAUSE OF ACTION
### (42 U.S.C. section 1983)
### (Survival Action:  Excessive Force)
### (Against Defendants McGee and DOES 1-5)

30.     Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 29 of this Complaint.

31.     The foregoing claim for relief arose in Decedent's favor and Decedent would have been the Plaintiff with respect to this claim if he had lived.

32.     Defendant(s) unjustified tasing deprived Decedent of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Decedent under the Fourth

Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

33.     As a result, Decedent suffered extreme pain and suffering and eventually suffered a loss of life and of earning capacity. Plaintiff has also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of Decedent, and will continue to be so deprived for the remainder of their natural lives.

34.     The deployment of a stun gun was excessive and unreasonable under the circumstances, especially since Decedent never injured or attempted to injure any officer or any other person.

35.     Defendants' actions thus deprived Decedent of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

36.     The conduct of Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.


**SECOND CAUSE OF ACTION**
**(42 U.S.C. section 1983)**
**(Survival Action:  Denial of Medical Care)**
**(Against Defendants McGee and DOES 1-5)**

37.     Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 36 of this Complaint.

38.     The foregoing claim for relief arose in Decedent's favor and Decedent would have been the Plaintiff with respect to this claim if he had lived.

39.     The denial of medical care by Defendants deprived Decedent of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Decedent under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

40.     As a result, Decedent suffered extreme pain and suffering and eventually suffered a loss of life and earning capacity. Plaintiff has also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of Decedent, and will continue to be so deprived for the remainder of their natural lives.

41.     Defendants knew that failure to provide timely medical treatment to Decedent could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing Decedent great bodily harm and death.

42.     The conduct of Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
### (42 U.S.C. § 1983)
**(Violation of Plaintiffs' 14th Amendment Rights/Right to Familial Relationship)**
**(Against Defendants McGee and DOES 1-5)**

43.     Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 42 of this Complaint.

44.     Plaintiff had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiff's familial relationship with her son, Decedent.

45.     Decedent had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of his right to life, liberty, or property in such a manner as to shock the conscience.

46.     As a result of the excessive force by Defendants, Decedent died. Plaintiff was thereby deprived of her constitutional right of familial relationship with her son, Decedent.

47.     Defendants, acting under color of state law, thus violated the Fourteenth Amendment rights of Plaintiff to be free from unwarranted interference with her familial relationship with Decedent.

48.     The aforementioned actions of Defendants, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of Decedent, Plaintiff, and with purpose to harm unrelated to any legitimate law enforcement objective.

49.     Defendants, acting under color of state law, thus violated the Fourteenth Amendment rights of Decedent and Plaintiff.

50.     As a direct and proximate cause of the acts of Defendants, Decedent experienced severe pain and suffering and lost his life and earning capacity. Plaintiff suffered extreme and severe mental anguish and pain and has been injured in mind and body. Plaintiff has also been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of Decedent, and will continue to be so deprived for the remainder of her natural life.

51.     As a result of the conduct of Defendants, they are liable for Decedent's injuries, either because they were integral participants in the denial of due process, or because they failed to intervene to prevent these violations.

52.     The conduct of Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent and Plaintiff.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**FOURTH CAUSE OF ACTION**
**(42 U.S.C. Section 1983)**
**(Monell - Municipal Liability for Unconstitutional Custom or Policy)**
**(Against Defendants City and DOES 6-10)**

53.     Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 52 of this Complaint.

54.     On information and belief Defendants' DOES 1-5 conduct, individually and as peace officers was ratified by City's police department supervisorial officers DOES 6-10.

55.     On information and belief, Defendants were not disciplined for the killing of Decedent.

56.     On and for some time prior to January 1, 2018, (and continuing to the present day) Defendants, individually and as peace officers, deprived Plaintiff and Decedent of the rights and

liberties secured to them by the Fourth and Fourteenth Amendment to the United States Constitution, in that said defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiff and Decedent, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

a) Employing and retaining as police officers and other personnel, including Defendants, individually and as peace officers; who at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written City Police Department policies, including the use of excessive and deadly force;

b) Of inadequately supervising, training, controlling, assigning, and disciplining City Police officers, and other personnel, including Defendants who City knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits, including the propensity for violence and the use of excessive force;

c) Of inadequately supervising, training, controlling, assigning, and disciplining City Police officers, and other personnel, including Defendants in responding to individuals who were mentally impaired or disabled;

d) By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendants who are Police Officers of City;

e) By failing to discipline City Police Officers' conduct, including but not limited to, unlawful detention and excessive and deadly force;

f) By ratifying the intentional misconduct of Defendants and other officers who are Police Officers of City;

g) By having and maintaining an unconstitutional policy, custom and practice of detaining and arresting individuals without probable cause or reasonable suspicion,

and using excessive force, including deadly force, which also is demonstrated by inadequate training regarding these subjects. The policies, customs and practices of Defendants were done with a deliberate indifference to individuals' safety and rights; and

    h)  By failing to properly investigate claims of unlawful detention and excessive force by City Police Officers.

57.    By reason of the aforementioned policies and practices of Defendants, individually and as peace officers, Decedent was severely injured and subjected to pain and suffering and lost his life and earning capacity for which Plaintiff is entitled to recover damages.

58.    Defendants, individually and as peace officers, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Decedent, Plaintiff, and other individuals similarly situated.

59.    By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants, individually and as peace officers; acted with an intentional, reckless, and callous disregard for the life of Decedent.  Each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

60.    Furthermore, the policies practices, and customs implemented and maintained and still tolerated by Defendants, individually and as peace officers; were affirmatively linked to and were significantly influential force behind the injuries of Decedent and Plaintiff.

61.    By reason of the aforementioned acts and omissions of Defendants, individually and as peace officers, Plaintiff was caused to incur funeral and related burial expenses, loss of gifts and benefits and loss of financial support.

62.     By reason of the aforementioned acts and omissions of Defendants, individually and as peace officers, Plaintiff has suffered loss of love, companionship, affection, comfort, care, society, and future support.

63.     Accordingly, Defendants, individually and as peace officers, each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**FIFTH CAUSE OF ACTION**
**(C.C.P. Section 377.60 and 377.61)**
**(Wrongful Death- Negligence)**
**(Against Defendants McGee and DOES 1-5)**

64.     Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 63 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

65.     Defendants shot Decedent with a stun gun despite the absence of a threat to a defendant officer or any other person. Because Decedent died intestate, unmarried, and without issue, Plaintiff is the proper person to sue for his wrongful death under California state law.

66.     Defendants' negligent actions and/or negligent failure to act within the scope and course of their employment with Defendant City, as set forth herein-above proximately caused the death of Decedent.

67.     As an actual and proximate result of said Defendants' negligence, and the death of Decedent, Plaintiff has sustained pecuniary loss resulting from the loss of comfort, society, attention, services, and support of her son, Decedent, in an amount according to proof at trial.

68.     As a further actual and proximate result of said Defendants' negligence, Plaintiff has incurred funeral and burial expenses, in an amount according to proof at trial.

69.     Pursuant to California C.C.P. Sections 377.60 and 377.61, Plaintiff has brought this action, and claim damages from said Defendants for the wrongful death of Decedent, and the resulting injuries and damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**SIXTH CAUSE OF ACTION**
**(Violation of California Civil Code §52.1)**
**(Against Defendants McGee and DOES 1-5)**

70.     Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 69 of this Complaint.

71.     Defendants' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with the Decedent's peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code §52.1.

72.     As a direct and proximate result of Defendant's violation of Civil Code § 52.1, Decedent suffered violations of his constitutional rights, and suffered damages as set forth herein.

73.     Plaintiff is entitled to injunctive relief and an award of their reasonable attorney's fees pursuant to Civil Code § 52.1(h).

74.     Plaintiff is entitled to treble damages, but in no case less than  $4,000.00 and an award of his reasonable attorney's fees pursuant to Civil Code § 52(a).

75.     Under the provisions of California Civil Code §52(b), Defendant is liable for punitive damages for each violation of Civil Code §52.1, reasonable attorney's fees and an additional $25,000.00.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**SEVENTH CAUSE OF ACTION**
**(Survival Action: Assault and Battery)**
**(Against Defendants McGee and DOES 1-5)**

76.     Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 75 of this Complaint.

77.     Defendants shot Decedent with a stun gun without cause. Defendants' conduct was neither privileged nor justified under statute or common law.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## EIGHT CAUSE OF ACTION
### (Survival Action: Intentional Infliction of Emotional Distress)
### (Against Defendants McGee and DOES 1-5)

78.     Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 77 of this Complaint.

79.     Defendants' above-described conduct was extreme, unreasonable and outrageous.

80.     In engaging in the above-described conduct, defendant intentionally ignored or recklessly disregarded the foreseeable risk that Decedent would suffer extreme emotional distress as a result of defendants' conduct.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

81.     Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1.     For general damages in a sum according to proof;

2.     For special damages in a sum according to proof;

3.     For punitive damages in a sum according to proof as to Defendants McGee and DOES 1-5;

4.     For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;

5.     For any and all statutory damages allowed by law;

6.     For cost of suit herein incurred; and

7.     For such other and further relief as the Court deems just and proper.

**Law Offices of John L. Burris**

Dated:  May 10, 2018

___/s/ *John L. Burris*_____
John L. Burris, Esq.,
Attorney(s) for Plaintiff