LAW OFFICES OF JOHN L. BURRIS
JOHN L. BURRIS, Esq. (SBN 69888)
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
john.burris@johnburrislaw.com

LAW OFFICES OF JOHN L. BURRIS
DEWITT M. LACY, Esq. (SBN 258789)
K. CHIKE ODIWE, Esq. (SBN 315109)
9701 Wilshire Blvd., Suite 1000
Beverly Hills, California 90212
Telephone: (310) 601-7070
Facsimile: (510) 839-3882
dewitt.lacy@johnburrislaw.com
chike.odiwe@johnburrislaw.com

Attorneys for Plaintiff
CHARMANE HENDERSON

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARMANE HENDERSON, individually and as successor-in-interest to Decedent DEAUTRY CHARLES ROSS,<br><br>                    Plaintiffs,<br><br>        vs.<br><br>CITY OF TORRANCE, a municipal corporation; BRIAN MCGEE, individually and in his official capacity as a police officer for the Torrance Police Department; JOSH BURDEN, individually and in his official capacity as a police officer for the Torrance Police Department; JOSEPH CRAFT, individually and in his official capacity as a police officer for the Torrance Police Department; DANIEL VAZQUEZ, individually and in his official capacity as a police officer for the Torrance Police Department; LANCE NELSON, individually and in his official capacity as a police officer for the Torrance Police | CASE NO.: 2:18-cv-03918-MWF-E<br><br>SECCOND AMENDED COMPLAINT FOR DAMAGES<br>(42 U.S.C. Section 1983 and pendent tort claims)<br><br>JURY TRIAL DEMANDED |

Department; CHRISTOPHER TOMSIC,
individually and in his official capacity as a
police officer for the Torrance Police
Department; ALEX GONZALES, individually
and in his official capacity as a police officer for
the Torrance Police Department; and DOES 1-
10, inclusive, individually and in their official
capacity as police officers for the City of
Torrance,

Defendants.

<b>INTRODUCTION</b>

1.     This case arises out of the wrongful death of Deautry Charles Ross.  On January 1, 2018, Mr. Ross died while in the custody of the Torrance Police Department after he was needlessly shot with a stun gun by officer Brian McGee and unreasonably restrained by officers Josh Burden, Joseph Craft, Daniel Vazquez, Lance Nelson, Christopher Tomisc, and Alex Gonzales while he repeatedly complained that he could not breathe.

2.     This civil rights and wrongful death action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the wrongful death of Deautry Charles Ross.

<b>JURISDICTION AND VENUE</b>

3.     This action arises under Title 42 of the United States Code, § 1983. Title 28 of the United States Code, §§ 1331 and 1343 confers jurisdiction upon this Court.  The unlawful acts and practices alleged herein occurred in the City of Torrance, County of Los Angeles, California, which is within the judicial district of this Court.

4.     The Supplemental Jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1367 over the State law claims which are so related to federal claims in the action that they form part of the same case or controversy under Article III of the Constitution of the United States of America.

5.     Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants are believed to reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

**PARTIES**

6.      Decedent DEAUTRY CHARLES ROSS (hereinafter "Decedent") was an individual residing in the State of California.  Decedent died intestate. Decedent did not file any legal actions prior to his death. To the extent that this action seeks to recover damages for the violation of rights personal to Decedent, this action is maintained by his Successor-in-Interest Charmane Henderson. Said Plaintiff is the person with standing to bring this action as Decedent was unmarried at the time of his death.

7.      Plaintiff CHARMANE HENDERSON (hereinafter "Plaintiff"), is and was at all times herein mentioned the biological mother of Decedent. Plaintiff sues in her individual capacity and as Successor-in-Interest to Decedent.

8.      Defendant CITY OF TORRANCE (hereinafter "City") is an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant City has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the Torrance Police Department and its tactics, methods, practices, customs and usage. At all relevant times, Defendant City was the employer of DOES Defendants, individually and as a peace officers.

9.      Defendant BRIAN MCGEE (hereinafter "Defendant McGee"), was an officer for the Torrance Police Department, and is sued individually and in his official capacity.

10.     Defendant JOSH BURDEN (hereinafter "Defendant Burden"), was an officer for the Torrance Police Department, and is sued individually and in his official capacity.

11.     Defendant JOSEPH CRAFT (hereinafter "Defendant Craft"), was an officer for the Torrance Police Department, and is sued individually and in his official capacity.

12.     Defendant DANIEL VAZQUEZ (hereinafter "Defendant Vazquez"), was an officer for the Torrance Police Department, and is sued individually and in his official capacity.

13.     Defendant LANCE NELSON (hereinafter "Defendant Nelson"), was an officer for the Torrance Police Department, and is sued individually and in his official capacity.

14.     Defendant CHRISTOPHER TOMSIC (hereinafter "Defendant Tomsic"), was an officer for the Torrance Police Department, and is sued individually and in his official capacity.

15.     Defendant ALEX GONZALES (hereinafter "Defendant Gonzales"), was an officer for the Torrance Police Department, and is sued individually and in his official capacity.

16.     Plaintiff is ignorant of the true names and capacities of Defendants DOES 1 through 5, inclusive, and therefore sues these defendants by such fictitious names.  Plaintiff alleges Defendants DOES 1 through 5 violated Decedent's civil rights, wrongfully caused his death, and/or encouraged, directed, enabled and/or ordered other defendants to engage in such conduct.  Plaintiff further alleges that the DOE Defendants violated Plaintiff's Fourteenth Amendment rights to familial association and companionship and caused the wrongful death of Decedent. Plaintiff will amend this Complaint to state the names and capacities of DOES 1 through 5, inclusive, when they have been ascertained.

17.     Plaintiff is ignorant of the true names and capacities of Defendants DOES 6 through 10, inclusive, and therefore sues these defendants by such fictitious names.  Plaintiff is informed and believes and thereon alleges that each Defendant so named was employed by Defendant City at the time of the conduct alleged herein.  Plaintiff alleges that each of Defendants DOES 6-10 were responsible for the training, supervision and/or conduct of the police officers and/or agents involved in the conduct alleged herein.  Plaintiff alleges that each of Defendants DOES 6 through 10 was also responsible for and caused the acts and injuries alleged herein.  Plaintiff will amend this Complaint to state the names and capacities of DOES 6 through 10, inclusive, when they have been ascertained.

**ADMINISTRATIVE PREREQUISITES**

18.     Plaintiff is required to comply with an administrative tort claim requirement under California law.  Plaintiff filed a claim against the City of Torrance on February 26, 2018. Plaintiff has exhausted all administrative remedies pursuant to California Government Code Section 910.

**GENERAL ALLEGATIONS**

19.     On January 1, 2018, at or about 2:30 p.m., Decedent was standing outside the Crate and Barrel store in the Del Amo Fashion Center located at 21710 Hawthorne Boulevard in Torrance, California. Suddenly, Decedent was confronted by multiple officers from the Torrance Police Department, including Defendant McGee. Decedent questioned the nature of the encounter. Decedent then began to move away from the officers.  As Decedent moved away, the officers violently tackled

him to the ground. Without just cause or provocation, Defendant McGee then needlessly shot Decedent with his stun gun. Decedent immediately began to complain that he could not breathe. Without regard, Defendants Burden, Craft, Vazquez, Gonzales, Nelson, and Tomsic then proceeded to bind Decedent's arms and legs as he continued to complain that he could not breathe. Without justification, Defendants Burden, Craft, Vazquez, Gonzales, Nelson, and Tomsic then proceeded to physically and improperly restrain Decedent with their hands and legs while Decedent's body was in a prone position, cutting off his air supply and causing him to slowly and painfully die while in Defendants custody as they ignored his final pleas for help.

20.    Decedent's death was proximately caused by the injuries he suffered at the hands of the Defendants.

21.    Plaintiff alleges that a reasonable officer in Defendants' position would have clearly been on notice that Decedent did not pose a threat of harm to anyone at the time that he was needlessly shot with a stun gun and needlessly restrained and asphyxiated to death.

22.    At all material times, and alternatively, the actions and omissions of each Defendant were conscience-shocking, reckless, deliberately indifferent to Decedent's and Plaintiff's rights, negligent, and objectively unreasonable.

## DAMAGES

23.    As a consequence of Defendants' violation of Plaintiff's federal civil rights under 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments, Plaintiff was mentally, and emotionally injured and damaged as a proximate result of Decedent's wrongful death, including but not limited to: Plaintiff's loss of familial relations, Decedent's society, comfort, protection, companionship, love, affection, solace, and moral support and financial support.

24.    Plaintiff seeks both survival and wrongful death damages, pursuant to C.C.P. Sections 377.60 and 377.61 and Probate Code Section 6402(b), for the violation of both Decedent's and her rights.  Additionally, Plaintiff is entitled to the reasonable value of funeral and burial expenses pursuant to C.C.P. §§ 377.60 and 377.61 and loss of financial support.

25.    Plaintiff is further entitled to recover damages incurred by Decedent before he died as a result of being deprived without due process of his right to life, and to any penalties or punitive

damages to which Decedent would have been entitled to recover had he lived, including damages incurred by Decedent consisting of pain and suffering he endured as a result of the violation of his civil rights.

26.     Plaintiff found it necessary to engage the services of private counsel to vindicate the rights of Decedent and Plaintiff's rights under the law.  Plaintiff is therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that he is the prevailing party in this action under 42 U.S.C. § 1983 and 1988.

**FIRST CAUSE OF ACTION**
**(42 U.S.C. section 1983)**
**(Excessive Force)**
**(Against Defendants McGee, Burden, Craft, Vazquez, Gonzales, Nelson, Tomsic and DOES 1-5)**

27.     Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 26 of this Complaint.

28.     The foregoing claim for relief arose in Decedent's favor and Decedent would have been the Plaintiff with respect to this claim if he had lived.

29.     Defendant(s) unjustified tasing and improper physical restraint deprived Decedent of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Decedent under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

30.     As a result, Decedent suffered extreme pain and suffering and eventually suffered a loss of life and of earning capacity. Plaintiff has also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of Decedent, and will continue to be so deprived for the remainder of her natural life

31.     Defendants' actions thus deprived Decedent of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

32.     The conduct of Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**SECOND CAUSE OF ACTION**
**(42 U.S.C. section 1983)**
**(Denial of Medical Care)**
**(Against Defendants McGee, Burden, Craft, Vazquez, Gonzales, Nelson, Tomsic and DOES 1-5)**

33.    Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 32 of this Complaint.

34.    The foregoing claim for relief arose in Decedent's favor and Decedent would have been the Plaintiff with respect to this claim if he had lived.

35.    The denial of medical care by Defendants deprived Decedent of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Decedent under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

36.    As a result, Decedent suffered extreme pain and suffering and eventually suffered a loss of life and earning capacity. Plaintiff has also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of Decedent, and will continue to be so deprived for the remainder of their natural lives.

37.    Defendants knew that failure to provide timely medical treatment to Decedent could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing Decedent great bodily harm and death.

38.    The conduct of Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
### (42 U.S.C. § 1983)
### (Violation of Plaintiffs' 14th Amendment Rights/Right to Familial Relationship)
### (Against Defendants McGee, Burden, Craft, Vazquez, Gonzales, Nelson, Tomsic and DOES 1-5)

39.    Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 38 of this Complaint.

40.    Plaintiff had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiff's familial relationship with her son, Decedent.

41.    Decedent had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of his right to life, liberty, or property in such a manner as to shock the conscience.

42.    As a result of the excessive force by Defendants, Decedent died. Plaintiff was thereby deprived of her constitutional right of familial relationship with her son, Decedent.

43.    Defendants, acting under color of state law, thus violated the Fourteenth Amendment rights of Plaintiff to be free from unwarranted interference with her familial relationship with Decedent.

44.    The aforementioned actions of Defendants, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of Decedent, Plaintiff, and with purpose to harm unrelated to any legitimate law enforcement objective.

45.    Defendants, acting under color of state law, thus violated the Fourteenth Amendment rights of Decedent and Plaintiff.

46.    As a direct and proximate cause of the acts of Defendants, Decedent experienced severe pain and suffering and lost his life and earning capacity. Plaintiff suffered extreme and severe mental anguish and pain and has been injured in mind and body. Plaintiff has also been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of Decedent, and will continue to be so deprived for the remainder of her natural life.

47.     As a result of the conduct of Defendants, they are liable for Decedent's injuries, either because they were integral participants in the denial of due process, or because they failed to intervene to prevent these violations.

48.     The conduct of Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent and Plaintiff.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION
**(C.C.P. Section 377.60 and 377.61)**
**(Wrongful Death- Negligence)**
**(Against Defendants McGee, Burden, Craft, Vazquez, Gonzales, Nelson, Tomsic and DOES 1-5)**

49.     Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 48 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

50.     Defendants shot Decedent with a stun gun and improperly restrained him despite the absence of a threat to a defendant officer or any other person. Because Decedent died intestate, unmarried, and without issue, Plaintiff is the proper person to sue for his wrongful death under California state law.

51.     Defendants' negligent actions and/or negligent failure to act within the scope and course of their employment with Defendant City, as set forth herein-above proximately caused the death of Decedent.

52.     As an actual and proximate result of said Defendants' negligence, and the death of Decedent, Plaintiff has sustained pecuniary loss resulting from the loss of comfort, society, attention, services, and support of her son, Decedent, in an amount according to proof at trial.

53.     As a further actual and proximate result of said Defendants' negligence, Plaintiff has incurred funeral and burial expenses, in an amount according to proof at trial.

54.     Pursuant to California C.C.P. Sections 377.60 and 377.61, Plaintiff has brought this action, and claim damages from said Defendants for the wrongful death of Decedent, and the resulting injuries and damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION
**(Violation of California Civil Code §52.1)**
**(Against Defendants McGee, Burden, Craft, Vazquez, Gonzales, Nelson, Tomsic and DOES 1-5)**

55.     Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 54 of this Complaint.

56.     Defendants' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with the Decedent's peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code §52.1.

57.     As a direct and proximate result of Defendant's violation of Civil Code § 52.1, Decedent suffered violations of his constitutional rights, and suffered damages as set forth herein.

58.     Plaintiff is entitled to injunctive relief and an award of their reasonable attorney's fees pursuant to Civil Code § 52.1(h).

59.     Plaintiff is entitled to treble damages, but in no case less than  $4,000.00 and an award of his reasonable attorney's fees pursuant to Civil Code § 52(a).

60.     Under the provisions of California Civil Code §52(b), Defendant is liable for punitive damages for each violation of Civil Code §52.1, reasonable attorney's fees and an additional $25,000.00.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SIXTH CAUSE OF ACTION
**(Survival Action: Battery)**
**(Against Defendants McGee, Burden, Craft, Vazquez, Gonzales, Nelson, Tomsic and DOES 1-5)**

61.     Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 60 of this Complaint.

62.    Defendants shot Decedent with a stun gun without cause. Defendants' conduct was neither privileged nor justified under statute or common law.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## **JURY DEMAND**

63.    Plaintiff hereby demands a jury trial in this action.

## **PRAYER**

WHEREFORE, Plaintiff prays for relief, as follows:

1.    For general damages in a sum according to proof;

2.    For special damages in a sum according to proof;

3.    For punitive damages in a sum according to proof as to Defendants McGee, Burden, Craft, Vazquez, Gonzales, Nelson, Tomsic, and DOES 1-5;

4.    For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;

5.    For any and all statutory damages allowed by law;

6.    For cost of suit herein incurred; and

7.    For such other and further relief as the Court deems just and proper.


**Law Offices of John L. Burris**


Dated:  December 1, 2019                    _/s/ *John L. Burris*_____
                                    John L. Burris, Esq.,
                                    Attorney for Plaintiff